IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 16 C 50378 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Shannon L. Gregory, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the following reasons, defendant's 28 U.S.C. § 2255 motion [1] is denied. The court declines to issue a certificate of appealability. This matter is terminated.

**STATEMENT**

On December 9, 2016, defendant Shannon L. Gregory filed a 28 U.S.C. § 2255 motion [1] challenging his 120-month sentence for conspiring to manufacture marijuana plants, in violation of 21 U.S.C. § 846, and for possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). In the motion, defendant effectively raised three distinct claims: (1) that his trial counsel was ineffective for failing to investigate the mental history of an informant in the case, which "prejudiced the outcome of the entire proceedings"; (2) trial counsel was ineffective for misunderstanding and failing to properly explain to defendant what evidence the government was required to prove to secure a § 924(c)(1)(A) conviction; and (3) defendant argues that his § 924(c)(1)(A) conviction must be vacated because the statute is fatally vague, relying for support on *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See* [1]. On January 13, 2017, the government filed a response [4], arguing that trial counsel was not ineffective and *Johnson* and *Mathis* do not apply to defendant. On February 6, 2017, defendant filed a reply [6]. These matters are now ripe for the court's review. The court will discuss the relevant factual and procedural background before analyzing defendant's various claims.

I. Factual and Procedural History.

The following facts are taken from defendant's criminal case before this court in *United States v. Gregory*, Case No. 11 CR 50025-1 (N.D. Ill.).

Defendant, along with three co-conspirators, operated complex indoor marijuana growing operations at two residences at defendant's residence and his neighbor's residence. Defendant and his co-conspirators used armed security guards and firearms to protect their operations.

On March 22, 2011, law enforcement officers obtained a search warrant for both residences. In support, the officers provided affidavits that they had received information from a confidential informant that defendant and one of his co-conspirators were operating indoor cannabis growing operations at the target residences. The informant had provided photographs taken from inside the basement of defendant's neighbor's residence in late December of 2010, and had commented that the basement of defendant's residence was set up in a similar manner. The search warrant affidavits detailed additional corroborating information, including that the informant had known defendant and at least one other of the co-conspirators for years and knew they were involved in the marijuana growing operation.

On March 23, 2011, officers executed the search warrant and discovered the marijuana growing operations, along with numerous loaded and unloaded weapons. Among other things, officers seized 239 marijuana plants, an assault rifle, a shotgun, and two handguns from defendant's residence. The co-conspirators were arrested, including defendant, who was indicted with violations of 21 U.S.C. § 846, and 18 U.S.C. § 924(c)(1)(A).

Between December, 2011 and January, 2012, after criminal procedures began, defendant's neighbor filed a motion to suppress the evidence seized at that residence, defendant filed a motion to suppress the evidence found at his residence, and another co-defendant filed a motion to quash arrest, suppress evidence, and to request a *Franks* hearing. The various motions included arguments that the informant's information was stale since he had not alleged being at the neighbor's residence for over three months before the warrant was issued, that the informant's information was uncorroborated, that the informant had not specifically claimed to have been inside defendant's residence, and that the informant had not appeared before the magistrate judge who issued the warrant. The court denied the various motions on February 28, 2012. *See* Case No. 11 CR 50025-1, at Doc. # 84.

On January 30, 2012, the government informed defense counsel that the informant left messages for one of the officers, accusing the officer of falsifying information in the case and instructing the informant to lie. On March 1, 2012, the government produced an internet screenshot from Craigslist in which the informant included the phone number of one of the officers, DEA officer Washburn, and stated that the officer lied to obtain warrants. Following this disclosure, one of the co-defendants filed a motion to compel disclosure of the confidential informant's identity, which defendant joined. The government opposed the motion and the court denied it.

Defendant pleaded guilty and reserved the right to appeal this court's various pretrial rulings. On October 19, 2012, this court sentenced him to 60 months on his 21 U.S.C. § 846 conviction and 60 months consecutively on his 18 U.S.C. § 924(c)(1)(A) conviction. *See* Case No. 11 CR 50025-1, at Doc. # 161. Defendant and his co-defendants appealed, and on November 6, 2013, the Seventh Circuit vacated their sentences, remanding the case back to this court to reconsider their motion to compel the government to disclose the identity of the informant. *See* Case No. 11 CR 50025-1, at Docs. # 218-19.

On remand, this court ordered disclosure and the government complied, revealing that the informant was defendant's brother. The co-defendants jointly filed a new motion to quash arrest,

suppress evidence, and for a *Franks* hearing. On May 21, 2014, the court conducted a *Franks* hearing, in which all parties called witnesses to discuss how the information in the search warrant affidavits was obtained. *See* Case No. 11 CR 50025-1, at Docs. # 243-45.

At the *Franks* hearing, DEA Officer Washburn testified that he was the first officer to have contact with the informant and had three meetings with him. At the first meeting, the informant told Washburn about the growing operation and provided photographs that the informant took of the operation. At the next two meetings, the informant signed documents and was paid $1,500 for his activities in the case. Following the meetings, the informant became upset because the officers allegedly reneged on an agreement to pay him a percentage of the value of evidence seized from the operation. The informant threatened to accuse the officers of instructing him to lie if they did not pay him the money he believed he was owed, and later sent numerous text messages, voicemails, and posted the aforementioned derogatory statement of Washburn on Craigslist.

The informant also testified at the *Franks* hearing, where he testified that he contacted the DEA because he disagreed with defendant's lifestyle and wanted to earn money. The informant told the officers that he had had a disagreement with defendant in November of 2010, and assumed that the officers knew that the photographs of the growing operation were from before the disagreement. The informant testified that the officers requested that he lie and tell them what they wanted to hear. During the testimony, it was revealed that the informant was a convicted felon and had previously been found unfit to stand trial in a state court prosecution for a time due to a mental disorder. The informant testified that he did not have a specific diagnosis for the disorder, but did not believe it was bi-polar disorder or schizophrenia. The informant had been reevaluated and found competent to proceed to trial.

On July 11, 2014, after briefing, the court denied the co-defendants' motion to quash arrest and suppress evidence, *see* Case No. 11 CR 50025-1, at Doc. # 254, and reinstated defendant's sentence, *see id.* at Doc. # 258. Defendants' appealed and the Seventh Circuit affirmed the district court's denial of the motion. *See* Case No. 11 CR 50025-1, at Docs. # 284-85. Defendant filed a PLA to the United States Supreme Court, which was denied. Following the denial of the PLA, defendant filed the instant motion.

II. Analysis.

As noted, defendant raises three bases for relief: (1) that his trial counsel was ineffective for failing to investigate the mental history of an informant in the case, which "prejudiced the outcome of the entire proceedings"; (2) trial counsel was ineffective for misunderstanding and failing to properly explain to defendant what evidence the government was required to prove to secure a § 924(c)(1)(A) conviction; and (3) defendant argues that his § 924(c)(1)(A) conviction must be vacated because the statute is fatally vague, relying for support on *Johnson* and *Mathis*.

With regard to defendant's *Strickland* claims, the Seventh Circuit has held that "[t]o be successful on an ineffective assistance claim, [the defendant] must: 1) show that his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms; and 2) demonstrate a reasonable probability that this deficient performance affected the

3

result of the trial." *Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir. 2003). A defendant alleging ineffective assistance of counsel due to failure to investigate bears the "burden of a comprehensive showing as to what the investigation would have produced." *Id*. at 951.

Here, as the government points out, defendant has failed to give a "comprehensive showing" of what an investigation of the informant's mental health history would have produced, other than the vague assertion that the informant had a history of mental illness. Moreover, defendant has not demonstrated any reasonable probability that proper investigation would have changed the outcome of his case, particularly because by the time defendant pleaded guilty, the government had already revealed to the defense that the informant had begun posting derogatory information about the officers and would presumably have been a problematic witness. Moreover, there is no basis to find that there was more evidence to discover which would have changed the outcome of the *Franks* hearing or led to a successful motion to suppress. As such, the court finds that defendant has not raised sufficient grounds for a finding of deficient performance or prejudice to defendant.

With regard to trial counsel's alleged ineffective assistance in researching and explaining the government's evidentiary burden for § 924(c)(1)(A), it appears defendant is arguing that counsel did not consider the fact that defendant had a license to possess a firearm and did not consider or tell defendant about *Bailey v. United States*, 516 U.S. 137, 144 (1995), which he believes was relevant to his case. With regard to defendant's license, it is irrelevant to whether he possessed the firearm in furtherance of a drug trafficking crime. With regard to *Bailey*, that case pertained to a different clause of § 924(c). Nothing that defendant now proffers suggests to the court that trial counsel or defendant were unaware of the fact that the government had to prove that defendant possessed the firearm in furtherance of the growing operation, namely for the purpose of protecting the operation. In fact, defendant's plea agreement admits to exactly those facts. *See* Case No. 11 CR 50025-1, at Doc. # 118. As such, the court finds that there is no basis to find deficient performance.

Finally, defendant's argument that § 924(c) is void after *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Mathis v. United States*, 136 S. Ct. 2243 (2016) is patently without merit. First, *Johnson* pertained to the residual clause of § 924(e)(2)(B) defining "violent felony," whereas defendant was convicted of possessing a firearm in furtherance of a drug-trafficking crime, not a "violent felony" or "crime of violence," and as such *Johnson* has no application to him. *See United States v. Teague*, 668 F. App'x. 340 (10th Cir. 2016). Second, *Mathis* pertained to the modified categorical approach and is not a basis to void a statute or defendant's particular conviction under the statute. For the foregoing reasons, the court finds that defendant's various claims are without merit and as such his § 2255 motion must be denied.

Finally, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, the court declines to issue a certificate of appealability. A certificate may issue only if defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court finds that while defendant has attempted to raise constitutional claims, his claims are without merit and the court does not find that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." *See Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). As such, the court declines to issue a certificate of appealability. This matter is terminated.

Date: 11/21/2017					ENTER:

						_____
						United States District Court Judge

						Notices mailed by Judicial Staff. (LC)